THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL ANDREW WOOD,<br><br>            Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | CASE NO. C23-1521-JCC<br><br>ORDER |

This matter comes before the Court on Michael Andrew Wood's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. No. 1) and the Government's motion to seal (Dkt. No. 15). Having thoroughly considered the motions and the relevant record, the Court hereby ORDERS an evidentiary hearing with regards to whether Mr. Wood affirmatively requested that his counsel file an appeal but otherwise DENIES his motion (Dkt. No. 1), and it GRANTS the Government's motion to seal (Dkt. No. 15).

I.     BACKGROUND

In July 2022, Mr. Wood pled guilty to one count of conspiracy to distribute controlled substances. *See United States v. Wood*, Case No. CR20-0092-JCC-014, Dkt. No. 819 (W.D. Wash. 2022). Prior to sentencing, Mr. Wood admitted to two supervised release violations relating to a prior offense. *See United States v. Wood*, Case No. CR14-5105-JCC-013, Dkt. No. 643 (W.D. Wash. 2022). The Court then sentenced him to 96 months imprisonment and five

years of supervised release for the former offense and 12 months imprisonment for the latter offense(s), to run concurrently. *See* Case No. CR20-0092-JCC-014, Dkt. No. 947 at 1; Case No. CR14-5105-JCC-013, Dkt. No. 645 at 1. Prior to this, Mr. Wood initiated a civil rights complaint against multiple arresting officers and prison officials for injuries allegedly sustained during his arrest and confinement, amongst other allegations. *See Wood v. United States*, Case No. C22-0636-DGE, Dkt. No. 18 (W.D. Wash 2022).

Mr. Wood now files this § 2255 petition. (Dkt. No. 1.) In it, he alleges that he received ineffective assistance of counsel ("Claim One"), that the prosecutors had a conflict of interest ("Claim Two"), that his criminal history was overstated for sentencing purposes ("Claim Three"), and that his plea was wrongly accepted because the Government did not prove the conspiracy charge ("Ground Four"). (*Id.* at 4–8.) The Court ordered the Government to respond, (Dkt. No. 4), which it did, opposing the petition. (*See* Dkt. No. 13.)

## II.   DISCUSSION

### A.   Legal Standard

A prisoner in federal custody who believes his sentence violates the Constitution or federal law may petition the sentencing court to vacate the conviction or set aside the sentence. 28 U.S.C. § 2255(a). When presented with such a request, the Court must first determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). If they do not, the Court must order the Government to answer the motion. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Once an answer is filed, the Court "must review the answer, any transcripts and records of prior proceedings, and any [supplemental] materials [the Court requests] to determine whether an evidentiary hearing is warranted." Rule 8(a). "Mere conclusory allegations do not warrant an evidentiary hearing." *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). "When collaterally attacked, [a] judgment of a court carries with it a presumption of regularity." *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938) (overturned on other grounds). Therefore, the

1  petitioner must "carry [the] burden of proving that constitutional error has in fact occurred."
2  *Simmons v. Blodgett*, 110 F.3d 39, 42 (9th Cir. 1997), *as amended* (Apr. 18, 1997).

### B.  Waiver of Rights to Collateral Attacks

Mr. Wood's plea agreement states that he waives his right to "bring a collateral attack against [his] conviction and sentence . . . except as it may relate to the effectiveness of legal representation." Case No. CR20-0092-JCC-014, Dkt. No. 819 at 12 (W.D. Wash. 2020). The waiver was conditioned on imposition of a sentence within the Sentencing Guidelines range determined by the sentencing judge. *Id.* "A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if '(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005)).

Claim Two of the instant petition challenges Mr. Wood's sentence and Claim Four challenges his conviction. (*See generally* Dkt. No. 1.) On this basis, the Government argues each are barred because Mr. Wood waived his right to bring a collateral attack. (Dkt. No. 13 at 16–19.) The Court agrees. The record is clear that Mr. Wood knowingly and voluntarily consented to the plea agreement's express terms. *See* Case No. CR20-0092-JCC-14, Dkt. No. 819 at 12 ("Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily"). Additionally, he fails to raise any issue as to his voluntariness or knowledge of his plea agreement or waiver. (*See generally* Dkt. No. 1.) Therefore, he has waived any claims based on this issue. *See United States v. Nunez*, 223 F.3d 956, 958–59 (9th Cir. 2000) (holding that the defendant waived the issue of whether he knowingly and voluntarily consented to his appeal waiver because "he failed to raise the issue in his opening brief in this court"). As a result, the waiver applies with full force. Both claims are unambiguously waived.

Claim Three, which states that Mr. Wood's criminal history was overstated because of *State v. Blake*, 481 P.3d 521 (Wash. 2021), (*see generally* Dkt. No. 1), is also waived, albeit for

different reasons. Mr. Wood makes clear in his reply to the Government's answer that he is not challenging the *calculation* of his criminal history, as it was applied to his guideline range, and concedes that he cannot do so because his possession convictions were unscored. (*See* Dkt. No. 21 at 8). Instead, he claims that these convictions should not have been used to "*characterize* [his] criminal behavior." (*Id.*) (emphasis added). But Mr. Wood received a sentence at the low end of the range. *See* Case No. CR20-0092-JCC-14, Dkt. Nos. 912, 947. Accordingly, the argument is inapt.

### C. Ineffective Assistance of Counsel

Finally, Claim One is based on ineffective assistance of counsel. (*See generally* Dkt. No. 1.) To prevail on such a claim, a petitioner must prove the attorney's representation fell below an objective standard of reasonableness and prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).[1] Mr. Wood makes the following allegations regarding defense counsel: (1) they did not explain a viable defense to Mr. Wood; (2) they did not pursue allegations that the prosecution had a conflict of interest; (3) they allowed his sentence to be overstated; (4) they failed to have him medically evaluated for alleged injuries resulting from his arrest; and (5) they failed to timely file a notice of appeal, despite requests to do so.[2] (Dkt. No. 1 at 4, 5, 7, 9.)

---

[1] An attorney's performance is "objectively unreasonable" when "in light of all the circumstances, [their] acts or omissions [are] outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. To establish prejudice, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Judicial scrutiny of counsel's performance must be highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

[2] This final allegation was not separately stated in Mr. Wood's petition. Instead, it was incorporated into other claims. (*See generally* Dkt. No. 1.) However, in the spirit of liberally construing *pro se* pleadings, *see Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), the Court will consider it. *See, e.g.*, *United States v. Brooks*, 221 F. App'x 585, 585–86 (9th Cir. 2007) (holding that a footnote in a memorandum accompanying a § 2555 petition was sufficient to assert an independent claim).

    The first allegation relates to counsel's representation, prior to Mr. Wood's plea agreement—Mr. Wood alleges that his attorney never explained to him the defense of a buyer-seller rule.[3] (Dkt. No. 1 at 4.) Even if true, Mr. Wood must establish prejudice to succeed on this claim. *See Strickland*, 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."). To do so here, Mr. Wood must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). As an initial matter, Mr. Wood does not allege that he would have not pleaded guilty had he known about the buyer-seller rule. (*See generally* Dkt. No. 1.) Moreover, his plea agreement lists the elements of conspiracy and states that "Defendant joined in the agreement *knowing of its purpose* . . . and intending to accomplish that purpose." Case No. CR20-0092-JCC-014, Dkt. No. 819 at 2 (emphasis added). Therefore, there is no reasonable probability that, had Mr. Wood's counsel explained the term, Mr. Wood's decision to sign the plea agreement would be any different than it was. Consequently, Mr. Wood cannot establish prejudice.

    Most of the remaining allegations revolve around sentencing. First, Mr. Wood contends his counsel did not pursue Mr. Wood's theory that the prosecution had a conflict of interest. (Dkt. No. 1. at 4.) But he fails to show how this could have been ineffective. Indeed, appointment of a prosecutor with a conflict of interest can, in some cases, deprive a defendant of

---

[3] "[T]he buyer-seller rule dictates that 'mere sales to [or purchases from] other individuals do not establish a conspiracy to distribute or possess with intent to distribute.' Rather, the government must show that [the buyer and seller] 'had an agreement to further distribute the drug in question.'" *United States v. Mendoza*, 25 F.4th 730, 736 (9th Cir. 2022) (quoting *United States v. Lennick*, 18 F.3d 814, 819 n.4 (9th Cir. 1994)). The rule "is a failure of proof of conspiracy, not an exception to conspiracy." *United States v. Loveland*, 825 F.3d 555, 561 (9th Cir. 2016) (citing *State v. Allan*, 83 A.3d 326, 333, 339–40 (Conn. 2014)); *see also United States v. Moe*, 781 F.3d 1120, 1128 (9th Cir. 2015) (holding that jury instructions on the general elements of conspiracy adequately covered the buyer-seller rule). Specifically, a buyer-seller relationship lacks the element of agreement to the conspiracy. *Loveland*, 825 F.3d at 561.

a fair trial. *See Young v. United States ex rel. Vuitton Et Fils*, 481 U.S. 787, 809 ("[C]ounsel for a party that is the beneficiary of a court order may not be appointed as prosecutor in a contempt action alleging a violation of that order.") But "proof of a conflict must be clear and convincing." *United States v. Kahre*, 737 F.3d 554, 574 (9th Cir. 2013). And a demonstration of prejudice is required. *See United States v. Lorenzo*, 995 F.2d 1448, 1453 (9th Cir. 1993). In *Kahre*, for example, the Ninth Circuit ruled that there lacked clear and convincing evidence of an impermissible conflict of interest where the defendant had filed a *Bivens*[4] action against the prosecutor, and the prosecutor had remarked that the case against defendant was "personal." 737 F.3d at 561, 575–76. Here, though, none of the Assistant United States Attorneys who worked on Mr. Wood's criminal case also worked on his civil case. *See* Case No. CR20-0092-JCC-014; Case No. C22-0636-DGE; (*see also* Dkt. No. 14 at 5). Therefore, it is unlikely Mr. Wood's attorney could have established the prosecutor presented a conflict of interest, and it was not unreasonable to forego this theory.

   Mr. Wood next argues that defense counsel allowed his criminal history to be overstated, due to his possession convictions. (*See generally* Dkt. No. 1.) But while vacated convictions may be considered, they may not inform the guideline range. *See United States v. Guthrie*, 931 F.2d 564, 573 (9th Cir. 1991).

   Mr. Wood also contends that his attorney was "supposed to get [him] an evaluation" for a stroke he allegedly suffered in confinement, but never did. (Dkt. No. 1 at 4.) However, along with a sentencing memorandum, his attorney submitted a multitude of health evaluations, including an MRI and an EKG. *See* Case No. CR20-0092-JCC-014, Dkt. No. 937-1. And, regardless, the Court fails to see the prejudicial impact for sentencing purposes.

   Lastly, Mr. Wood's asserts that "my attorney never filed my appeal even though I told him I wanted to." (Dkt. No. 1 at 6). As a rule, counsel acts unreasonably when they fail to file a

---

[4] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

notice of appeal when given instructions to do so. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). While Mr. Wood waived a broad range of appeal rights in his plea agreement, "the presumption of prejudice" when an attorney deprives a defendant who would have otherwise availed themselves of the appeal process "applies regardless of whether a defendant has signed an appeal waiver." *Garza v. Idaho*, 139 S. Ct. 738, 749–50 (2019) (citing *Flores-Ortega*, 528 U.S. at 477). "[E]ven the broadest appeal waiver does not deprive a defendant of all appellate claims." *Id.* For this reason, this allegation, unlike those discussed above, has merit and requires an evidentiary hearing.

### D.  Certificate of Appealability

When issuing a final order denying relief under Section 2255, the Court must determine whether to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Court may do so only if the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In other words, the movant must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, the Court concludes that Mr. Wood is not entitled to a certificate of appealability with respect to any of the issues discussed above, other than defense counsel's alleged failure to file a notice of appeal (for which this Court will order an evidentiary hearing). Accordingly, a certificate of appealability is hereby DENIED on all other grounds.

### E.  Motion to Seal

Separately, the Government moves to seal exhibits to its declaration. (Dkt. No. 15.) The public has a common law right to inspect and copy public records, including from judicial proceedings. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). But this right is not absolute. It must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See U.S. v. Doe, 870 F.3d 991*, 998 (9th Cir.

2017). Given the exhibits' contents, (*see* Dkt. No. 16), the Court finds that sealing them serves a compelling interest which is likely to be harmed if they are not sealed, and there is no less restrictive alternative to protect that interest.

### III.     CONCLUSION

For the foregoing reasons, the Court ORDERS an evidentiary hearing for the limited purpose of determining whether Mr. Wood affirmatively requested that defense counsel file a notice of appeal. This matter is hereby REFERRED to a U.S. Magistrate Judge for that purpose. All other aspects of the motion to vacate, set aside, or correct Mr. Wood's sentence (Dkt. No. 1) are DENIED. The Government's motion to seal (Dkt. No. 15) is GRANTED. The Clerk is DIRECTED to send a copy of this Order to the parties and to the Magistrate Judge and to maintain Docket Number 16 under seal.

DATED this 22nd day of February 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE